**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────

**UNITED STATES OF AMERICA,**

   **-vs-**　　　　　　　　　　　　　　　　　　　　　　　　　　**00-CR-301**

**LAUREANO HERNAN LASSO-GARCIA**,

                               **Defendant.**

───────────────────────────────────────

**THOMAS J. McAVOY,**
**Senior United States District Judge**

**DECISION & ORDER**

**I. INTRODUCTION**

On June 16, 2000 Lasso-Garcia was charged in Indictment 00-CR-301 with possession with intent to distribute, conspiracy to bribe, bribery, establishing a commercial enterprise for the purposes of evading immigration laws, and transportation of illegal aliens. See Indictment No. 00-CR-301, Dkt. No. 1. Lasso-Garcia was alleged to have been a "broker" in a large sting called "Operation Wildcard" that targeted attempts by undocumented resident aliens to obtain "greencards" from an uncover agent posing as a corrupt Immigration and Naturalization Service agent. On October 5, 2000, Lasso-Garcia pleaded guilty to two counts: possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(A)(1), and conspiracy to bribe a public official in violation of 18 U.S.C. §§ 201(b)(1)(A) and 371. See dkt. Nos. 13-17. Lasso-Garcia was sentenced on March 22, 2002 to concurrent sentences of 97 and 60 months. Dkt. No. 37.  Since Lasso-Garcia did not file a direct appeal, the judgment became final in April of 2002.  Lasso-Garcia did not

previously file a motion pursuant to 28 U.S.C. § 2255 attacking his conviction or sentence.

On August 21, 2006, Defendant filed a "Notice of Motion for Immediate Deportation and For Reduction of Sentence and Downward Departure Based on Alienage." See dkt. # 43. In the motion, Defendant argues that his sentence was in violation of the Constitution, and that he received constitutionally ineffective assistance of counsel at sentencing. Id. He asserts that, therefore, he must re-sentenced. Id. He also argues that he should be immediately deported pursuant to 8 U.S.C. § 1252(h)(2)(A).

The Government opposes the motion, arguing that (1) Defendant's attack on his sentence is an untimely and non-meritorious collateral attack more properly brought pursuant to 28 U.S.C. § 2255, and (2) the Court lacks jurisdiction to adjudicate the claim for immediate deportation.

## II. DISCUSSION

### a. Immediate Deportation

The Court will first address that portion of Defendant's motion in which he seeks an order requiring his immediate deportation pursuant to 8 U.S.C. § 1252(h)(2)(A). In Thye v. United States,, 109 F.3d 127, 128 (2d Cir. 1997) (per curiam), the Second Circuit held that under § 1252(h)(2)(A) "whether or not one is to be deported ... prior to completing a prison term is a matter solely within the discretion of the Attorney General" and the Immigration and Naturalization Act "does not create a private right of action that would allow a party to compel the Attorney General to act." While 8 U.S.C. § 1252(h)(2)(A) has been re-codified in 8 U.S.C.§1231(a)(4)(B), courts still apply Thye to claims such as the one Defendant asserts here. In this regard, the Southern District recently wrote in Felix v. United States, 2005 WL 2088400, * 1 (S.D.N.Y. Aug. 29, 2005):

> The Attorney General is prohibited by statute from removing an alien sentenced to imprisonment until he or she is released. 8 U.S.C. § 1231(a)(4)(A). An exception

>exists for cases involving non-violent offenders, but the decision to remove such an alien prior to the expiration of his prison term "is a matter solely within the discretion of the Attorney General." Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997). This exception is not subject to compulsion through a private cause of action, 8 U.S.C. § 1231(a)(4)(D), and the Court does not have jurisdiction to review the Attorney General's decision as to whether approval is appropriate in this instance. 8 U.S.C. § 1252(a)(2)(B)(ii).

2005 WL 2088400, at * 1

For the reasons stated in Thye and Felix, that much of Defendant's motion seeking immediate deportation is denied and dismissed.

### b. Collateral Attack on the Sentence Imposed

It is clear that the remaining portion of Defendant's *pro se* motion that attacks his sentence and seeks re-sentencing should be considered as a collateral attack more properly brought under 28 U.S.C. § 2255. See 28 U.S.C. § 2255 (allowing claims that assert that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996)(Relief pursuant to Section 2255 is available "for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in [a] complete miscarriage of justice.'")(quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995))(internal quotation marks and citations omitted).

Courts regularly convert inartfully drafted *pro se* post-conviction motions into Section 2255 motions. See James V. Walsh, 308 F.3d 162, 166 (2d Cir. 2002); Jiminian v. Nash, 245 F.3d 144, 148 (2d Cir. 2001); Adams v. United States, 155 F.3d 582, 584 (2d Cir. 1998); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997). "[W]hen a court recharacterizes a *pro se* litigant's motion

3

as a first § 2255 motion[,] ... the district court must notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on 'second or successive' motions, and provide the litigant an opportunity to withdraw the motion or to amend it ...." Castro v. United States, 124 S.Ct. 786, 792 (2003); Adams, 155 F.3d at 584.

As the Second Circuit explained:

In Adams we noted that the [Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA")] "places stringent limits on a prisoner's ability to bring a second or successive" § 2255 motion. 155 F.3d at 583. In view of this, we reasoned that if a district court treats a motion filed under some other provision as a § 2255 motion, then the movant's one chance at § 2255 relief would be used up--without the movant's consent and despite the movant's possible ignorance of the consequences. "Thus a conversion, initially justified because it harmlessly assisted the prisoner-movant in dealing with legal technicalities, may result in a disastrous deprivation of a future opportunity to have a well-justified grievance adjudicated." Id. With this in mind, we determined that district courts should not convert motions "purportedly made under some other rule" into § 2255 motions unless

"(a) the movant, with knowledge of the potential adverse consequences of such recharacterization, agrees to have the motion so recharacterized, or (b) the court finds that, notwithstanding its designation, the motion should be considered as made under § 2255 because of the nature of the relief sought, and offers the movant the opportunity to withdraw the motion rather than have it so recharacterized." Id. at 584.

Simmon v. United States, 359 F.3d 139, 141 (2d Cir. 2004).

In this case, the Court will convert that portion of Defendant's motion that attacks his sentence into a Section 2255 motion unless, within 30 days of the date of this Decision and Order, Defendant voluntarily withdraws the remainder of the motion. If Defendant does not wish to withdraw the remainder of his motion and instead desires to have the Court consider this portion of the motion under Section 2255, Defendant may, within thirty (30) days of the date of this Decision

4

and Order, amend and/or supplement his motion.

In determining whether to withdraw, amend, and/or supplement his motion, Defendant should be aware that:

(A) A person is generally afforded only one Section 2255 motion unless the second motion involves newly discovered evidence of a potentially dispositive nature, or a new and retroactive rule of constitutional law. See 28 U.S.C. §§ 2255, 2244(b). <u>Thus, all potential claims must generally be included in the initial Section 2255 motion</u>;

(B) A section 2255 motion filed after April 24, 1996[1] is subject to a one year period of limitation which runs from the latest of four specified events laid out in § 2255. See 28 U.S.C. § 2255;[2] <u>Ross v. Artuz</u>, 150 F.3d 97, 98 (2d Cir. 1998)(One of the purposes of the AEDPA was to create a statute of limitations for the "... filing of petitions for writs of habeas corpus and motions to vacate federal sentences."). Further, a "§ 2255 petition that is properly dismissed as time-barred under AEDPA constitutes an adjudication on the merits for successive purposes." <u>Villanueva v. United States</u>, 346 F.3d 55, 61 (2d Cir. 2003). <u>Thus, if Defendant does not withdraw his motion, he should advise the Court of a justifiable basis to consider the motion that was filed approximately four (4) years and four (4) months after his conviction became final</u>;

(C) The failure to raise an issue on direct appeal may present a procedural bar to raising an issue in a Section 2255 motion. See <u>Rosario v. United States</u>, 164 F.3d 729, 732 (2d Cir. 1998)("Where a criminal defendant has procedurally forfeited his claim by failing to raise it on direct review, the claim may be raised in a § 2255 motion only if the defendant can demonstrate either: (1) cause for failing to raise the issue, and prejudice resulting therefrom;

---

[1] The AEDPA became effective on April 24, 1996.

[2] These are:

(1) the date on which the judgment becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims could have been discovered through the exercise of due diligence.

28 U.S.C. §2255.

or (2) actual innocence.")(citing <u>Douglas v. United States</u>, 13 F.3d 43, 46 (2d Cir. 1993)); <u>Bousley v. United States</u>, 523 U.S. 614, 622 (1998); <u>but see</u> <u>Massaro v. United States</u>, --- U.S. ----, 123 S.Ct. 1690, 1696 (2003)(A Section 2255 ineffective assistance of counsel claim is not barred even if not raised on direct appeal). Further, "a determination in a first § 2255 petition that the claims raised were unexhausted *and* procedurally defaulted 'qualifies as an adjudication on the merits.'" <u>Villanueva</u>, 346 F.3d at 60 (quoting <u>Turner v. Artuz</u>, 262 F.3d 118, 122-23 (2d Cir.)(*per curiam*), <u>cert. denied</u>, 534 U.S. 1031 (2001))(emphasis in original). <u>Thus, Defendant should advise the Court of a justifiable basis to consider any claims not premised upon the asserted ineffective assistance of his counsel and that were not raised on direct appeal</u>.

## IV.  CONCLUSION

For the reasons set forth above, that portion of Defendant's motion seeking immediate deportation is **DENIED** and the claim **DISMISSED**.

Further, the Court hereby **PROVIDES NOTICE** to Defendant that, within thirty (30) days of the date of this Decision and Order, the Court intends to convert the remaining portion of his motion into a motion pursuant to 28 U.S.C. § 2255. Defendant is **GRANTED** thirty (30) days to withdraw, amend, and/or supplement the motion. Failure to withdraw the motion within this period of time will result in it being converted to a 28 U.S.C. § 2255 motion without further notice. Failure to amend and/or supplement the motion within this period of time will result in the motion being considered based upon the present submissions. The Government is **GRANTED** sixty (60) days from the date of this Decision and Order to file supplemental papers in opposition to the motion and/or any amendment or supplementation of the motion.

**IT IS SO ORDERED**

DATED: November 29, 2006

Thomas J. McAvoy
Senior, U.S. District Judge

6

7